**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

**RUSSELL L. BUSH, M.D., MPH,**
Plaintiff,

v. Case No. _____
Hon. _____
(Removed from Saginaw County
Circuit Court Case No. 21-046093-CB-3)

**MICHIGAN INSTITUTE OF FORENSIC SCIENCE & MEDICINE, P.C.,**
and
**DAVID STOCKMAN, M.D.,**
Defendants.

---

**DAVID STOCKMAN, M.D.,**
Defendant / Counter-Plaintiff,

v.

**RUSSELL L. BUSH, M.D., MPH,**
Plaintiff / Counter-Defendant,

and

**COUNTY OF SAGINAW, MICHIGAN,**
Counterclaim Defendant (joined under Fed. R. Civ. P. 13(h) & 19).

---

## COUNTERCLAIM OF DAVID STOCKMAN, M.D., ACTING PRO SE, FOR DECLARATORY JUDGMENT

---

**I. INTRODUCTION**

1. **Counter-Plaintiff David Stockman, M.D., appearing pro se,** brings this action for

   declaratory relief under **28 U.S.C. §§ 2201–2202** and **28 U.S.C. § 1331**.

2. Stockman seeks a declaration resolving an actual and substantial controversy concerning whether Defendant Russell L. Bush, M.D., MPH — the duly appointed Chief Medical Examiner of Saginaw County under **MCL 52.201 et seq.** — was a **public official** for purposes of the First Amendment at the time of the **April 19, 2022 press release** that forms the basis of his state-law defamation claim.

3. Stockman further seeks a declaration that the arbitration award entered in Bush's favor is **unenforceable** to the extent it imposed liability without the constitutionally required showing of **actual malice**, as required by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).

4. The requested relief is necessary to resolve the parties' legal rights and obligations, prevent the enforcement of an unconstitutional award, and protect Stockman from irreparable First Amendment injury.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under the **First Amendment** to the United States Constitution and the **Declaratory Judgment Act**, 28 U.S.C. §§ 2201–2202.

6. Venue is proper in this Court under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in Saginaw County, Michigan.

## III. PARTIES

7. **Counter-Plaintiff:** David Stockman, M.D., a Michigan resident, appearing in propria persona.

8. **Counter-Defendant:** Russell L. Bush, M.D., MPH, appointed and serving as Chief Medical Examiner of Saginaw County.

9. **Counterclaim Defendant:** County of Saginaw, Michigan, which appoints and supervises the County Medical Examiner under Michigan law.

## IV. FACTUAL ALLEGATIONS – TIMELINE AND STATUTORY DUTIES

10. Michigan law explicitly creates the office of County Medical Examiner. **MCL 52.201(1):** "The county board of commissioners of each county, by an affirmative vote of a majority of the members elected and serving, shall appoint a county medical examiner, who shall be a physician licensed to practice medicine or osteopathic medicine and surgery in this state."

11. **MCL 52.201(3):** "Before taking office, the county medical examiner shall take and subscribe the constitutional oath of office."

12. **MCL 52.202(1):** "The county medical examiner shall investigate the cause and manner of death in cases of individuals who die in the county under any of the following circumstances: by violence, by suicide, by casualty, suddenly when in apparent good health, when unattended by a physician, in any suspicious or unusual manner, or while in prison."

13. **MCL 52.202(2):** "The county medical examiner may take charge of a dead body, order its removal, and direct or perform an autopsy. The county medical examiner may order chemical, microscopic, toxicological, or other studies on the body, or parts of the body, fluids, or secretions."

14. **MCL 52.205(1):**

"The county medical examiner shall make and sign a written report of the causes of death, and, if required, shall testify in court as to the facts disclosed at the inquest or autopsy."

15. **MCL 52.208:**

"For the purpose of inquiring into the cause and manner of death, the county medical examiner may issue subpoenas, compel the attendance of witnesses, administer oaths, and take sworn testimony."

16. These statutes establish the Medical Examiner as a **statutory public officer** exercising core governmental functions.

17. **Timeline of Bush's employment:**

- **Pre-Nov. 2021:** Bush worked for MIFSM under a mixed role: duties public in nature but payroll via private contract.

- **Nov. 2021:** Bush was terminated from MIFSM.

- **Nov. 26, 2021:** County Controller Robert Belleman confirmed Bush as "the County's duly appointed Medical Examiner" and designated him "Key Personnel."

- **Dec. 2, 2021:** County Board of Commissioners formally resolved to "continue the relationship with Dr. Russell M. Bush as Chief Medical Examiner for Saginaw County."

- **Dec. 2021 forward:** Bush was fully employed by Saginaw County as Chief Medical Examiner, drawing an annual salary of approximately **$75,000**.

18. By **April 19, 2022**, when the press release was issued, Bush was **no longer affiliated with MIFSM** and was serving solely as a salaried County officer.

19. In arbitration, the arbitrator disregarded this timeline and concluded Bush was not a public official.

20. Testimony at arbitration confirmed Bush's public role:

- **Christopher Boyd, Chairman of the Saginaw County Board of Commissioners, testified that Bush was a public official of the County.**

- **Randy Pfau, Director of Operations for the Saginaw County Medical Examiner Office, also testified that Bush's duties were those of a County officer under statutory authority.**

21. Media reports further demonstrate Bush's official role, including ABC12 (Jan. 18, 2022), ABC12 (Feb. 3, 2022), and WNEM (Oct. 22, 2022), all identifying him as "Chief Medical Examiner for Saginaw County" and quoting him in his official capacity.

## V. NECESSARY PARTY – SAGINAW COUNTY (RULE 19)

22. Saginaw County is a necessary party under Federal Rule of Civil Procedure 19(a) because it is the appointing authority for the County Medical Examiner under Michigan law (MCL 52.201).

23. The County's participation is necessary to determine whether Bush's role as Medical Examiner was that of a public official, and to ensure that any declaration of rights binds both the County and Bush.

24. Saginaw County's own records, including Board minutes and official correspondence, refer to Bush as the duly appointed Chief Medical Examiner.

25. If Saginaw County asserts immunity under Michigan's Governmental Immunity Act (MCL 691.1407) to defend Bush's actions, that will constitute an admission that Bush was acting in his official capacity as a county officer, thereby confirming his public official status for First Amendment purposes.

## VI. COUNT I – DECLARATORY JUDGMENT (28 U.S.C. § 2201)

26. Counter-Plaintiff incorporates the foregoing paragraphs.

27. An actual controversy exists between Counter-Plaintiff and Defendants concerning whether Bush was a public official for First Amendment purposes at the time of the April 19, 2022 media release.

28. Counter-Plaintiff seeks a declaration that:

- Defendant Bush was a public official at the time in question;

- His defamation claim could not proceed without proof of actual malice;

- The arbitration award in his favor is unconstitutional and unenforceable.

29. Such a declaration is necessary to resolve the parties' legal rights and obligations and to prevent irreparable constitutional injury to Counter-Plaintiff.

## VII. RESERVATION OF RIGHTS

30. Counter-Plaintiff expressly reserves all rights to assert additional claims against Saginaw County, including but not limited to claims under 42 U.S.C. § 1983, abuse of process, or other torts. This Counterclaim is limited solely to declaratory relief.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff David Stockman, appearing pro se, respectfully requests that this Court:

A. Declare that Bush, as Saginaw County Medical Examiner, was a **public official** at the time of the April 19, 2022 press release;

B. Declare that Bush's defamation claim required proof of **actual malice**;

C. Declare that the arbitration award is unconstitutional and unenforceable absent such proof;

D. Bind Saginaw County, as appointing authority, to this determination;

E. Enjoin enforcement of the arbitration award pending resolution of this declaratory action;

F. Award costs and further relief as the Court deems just.

---

**Respectfully submitted,**

Dated: August 25, 2025

/s/ David Stockman, M.D.
Defendant / Counter-Plaintiff, Pro Se
3871 Fortune Blvd.
Saginaw, MI 48603
(989) 341-3017
Dstockma4@icloud.com

---

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2025, I served the foregoing **Counterclaim for Declaratory Judgment**, together with any attached exhibits, by electronic mail and/or U.S. Mail upon all counsel of record, and filed the same with the Clerk of the Court using the Court's CM/ECF system, which will send notice to all registered parties.

/s/ David Stockman
David Stockman, M.D.
Defendant / Counter-Plaintiff, Pro Se