UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL BUSH,

       Plaintiff,

Case No. 25-12659
U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

v.

DAVID STOCKMAN, *et al.*,

       Defendants.

_____/

**ORDER DENYING DAVID STOCKMAN'S MOTION FOR
RECONSIDERATION AND DENYING AS MOOT REQUEST FOR STAY
PENDING RESOLUTION OF MOTION [#35]**

Presently before the Court is David Stockman's motion for reconsideration of this Court's order remanding this case to the Saginaw County Circuit Court and awarding attorney's fees and costs to Russell Bush. Stockman also seeks a stay pending resolution of the motion. For the reasons that follow, Stockman's motion for reconsideration is DENIED, and his request for a stay is DENIED AS MOOT.

Under Eastern District of Michigan Local Rule 7.1(h), "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule

of Civil Procedure 59(e) or 60(b)." Rule 59(e), which applies to the circumstances present here,[1] provides that a motion to amend or alter a final order "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Generally, there are four situations that justify reconsideration under Rule 59(e): "(1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice." *Hutchins v. Sampson*, No. 12-12354, 2013 WL 5488443, at *1 (E.D. Mich. Oct. 2, 2013) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues" and "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Project Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted).

Stockman's motion identifies no bases warranting Rule 59(e) relief with respect to the Court's decision to remand the case to state court. He does not point to any intervening change in controlling law, newly discovered evidence, or clear error of law in the Court's prior decision. Instead, his motion largely reiterates

---

[1] *See Banister v. Davis*, 590 U.S. 504, 505-06 (2020) (noting that "Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone could appeal," while "Rule 60(b) codifies various writs used to seek relief from a judgment at any time after the term's expiration").

arguments that the Court has already considered and rejected. A motion for reconsideration is not an opportunity to relitigate issues or to obtain a different result on the same record through repetition of prior arguments.[2]

Stockman's motion for reconsideration also challenges the Court's decision to award attorney's fees and costs to Bush. Bush sought attorney's fees in his motion to remand, and Stockman failed to respond to that request. Accordingly, his arguments with respect to whether attorney's fees are warranted are deemed forfeited. *See Bennett v. Hurley Med. Ctr.*, 86 F.4th 314, 325 (6th Cir. 2023). And even if they are not waived, Stockman has not identified any intervening change in controlling law, newly discovered evidence, or clear error of law in the Court's decision to award fees. His arguments merely amount to a disagreement as to whether his notice of remand lacked an objectively reasonable basis. Mere disagreement with the Court's decision is not sufficient to warrant relief under Rule

---

[2] The only "new" issue Stockman raises with respect to the Court's decision to remand the action is the Court's purportedly erroneous characterization of Stockman as an original plaintiff to the state court action. He maintains that he was added to the case as a "defendant" when Bush filed his countercomplaint in October 2022. But even assuming, *arguendo*, that this is true, his notice of remand was still untimely. Title 28 U.S.C. § 1446(b) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Accepting Stockman's position that he was added to this case as a defendant for the first time in October 2022, he needed to remove the action within 30 days of receiving the countercomplaint in order for removal to be timely. He did not do so here.

59(e).

For these reasons, Stockman's motion for reconsideration [#35] is DENIED, and his request for a stay is DENIED AS MOOT.

SO ORDERED.

Dated: June 17, 2026                              /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June
17, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager