UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL BUSH,

        Plaintiff,

                                   Case No. 25-12659

                              U.S. DISTRICT COURT JUDGE

                                GERSHWIN A. DRAIN

v.

DAVID STOCKMAN, *et al.*,

        Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART RUSSELL BUSH'S PETITION FOR ATTORNEY'S FEES AND COSTS [#36] AND DENYING DAVID STOCKMAN'S MOTION TO DISMISS OR DENY FEE AWARD, OR IN THE ALTERNATIVE TO COMPEL PRODUCTION OF SUPPORTING BILLING DOCUMENTATION AND STAY ENFORCEMENT PENDING APPEAL [#38]**

On August 22, 2025, David Stockman improperly removed this case to federal court for a second time. Russell Bush filed a motion to remand the action back to state court, which the Court granted. Pursuant to 28 U.S.C. § 1447(c), the Court awarded attorney's fees and costs associated with the improper removal to Bush, finding that the removal lacked an objectively reasonable basis. *See* 28 U.S.C. § 1447(c) (stating that an order remanding a case "may require payment of just costs

and any actual expenses, including attorney fees, incurred as a result of the removal"); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). The Court instructed Bush to file a petition for attorney's fees and costs with supporting documentation, which he timely filed. The Court also instructed Stockman to file a response to the petition, which he also timely filed. Concurrent with that response, Stockman filed a "Motion to Dismiss or Deny Fee Award, or in the Alternative to Compel Production of Supporting Billing Documentation and Stay Enforcement Pending Appeal." ECF No. 38.

Presently before the Court is Bush's petition for attorney's fees and costs, and Stockman's motion. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of these matters, and thus they will be decided on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Bush's petition [#36] is GRANTED IN PART AND DENIED IN PART, and Stockman's motion [#38] is DENIED.

Beginning with Bush's petition, an attorney's fee award under § 1447(c) must be reasonable. *Shophar v. Kansas Dep't of Children and Families*, No. 18-cv-11567, 2018 WL 10035813, at *1 (E.D. Mich. Aug. 21, 2018). "The most useful starting point for determining the amount of a reasonable fee is the number of hours

2

reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass v. Sec. of Health & Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987).

Bush seeks to recover attorney's fees for work performed by Stephan Gaus, Simon Leak, April Schuiling, and Elizabeth Stoecker. The Court is familiar with Mr. Gaus, who is listed as Bush's counsel of record and has filed motions and other submissions with this Court on Bush's behalf. The same, however, cannot be said about Mr. Leak, Ms. Schuiling, and Ms. Stoecker. Other than providing the Court with their billing entries, Bush has provided no information regarding who these individuals are, including whether they are attorneys or support staff and the nature of their involvement in this case. Absent this information, the Court lacks sufficient information to evaluate whether the work they performed was reasonably necessary to the litigation, whether they are attorneys,[1] and whether their hourly rates are reasonable. Accordingly, Bush has not met his burden of proving the reasonableness of awarding attorney's fees for the work performed by Mr. Leak, Ms. Schuiling, and

---

[1] Indeed, the Court has reason to suspect that some of these individuals are non-attorneys, as the work they performed was purely administrative.

Ms. Stoecker. The Court will award attorney's fees only for the work performed by Mr. Gaus.

The Court now turns to the reasonableness of Mr. Gaus's hourly rate. A reasonable hourly rate is one "sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501 (6th Cir. 2006) (citation omitted). "[T]he appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation." *Sykes v. Anderson*, 419 F. App'x 615, 618 (6th Cir. 2011) (citation omitted and alteration in original). The market rate reflects what "lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Gonter v. HuntValve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). (citation omitted). The Court routinely looks to the State Bar of Michigan's Economics of Law Practice Survey ("the Survey") as evidence of the market rate in this district. *See Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011) (citation omitted).

Here, Mr. Gaus seeks a $300.00 hourly rate for the work he performed in this matter. The Survey reports that the 25th percentile, the median, and the 75th percentile hourly billing rates for attorneys who, like Mr. Gaus, practice civil litigation is $250.00, $325.00, and $425.00, respectively. Moreover, the 25th

4

percentile, the median, and the 75th percentile billing rates for attorneys who, also like Mr. Gaus, practice in the Saginaw Circuit is $200.00, $250.00, and $310.00, respectively. In the Court's judgment, having experienced firsthand the quality of Mr. Gaus's work in this matter, a $300.00 hourly rate—which falls between the 25th percentile and the median for civil litigators, and between the median and the 75th percentile for attorneys in the Saginaw Circuit—is reasonable.

The Court next turns to the reasonableness of the hours expended by Mr. Gaus, who represents that he performed 34.8 hours of work on this case, totaling $10,440.00. Hours are reasonably expended when they are not "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Attorneys seeking a fee award must "maintain billing time records that are sufficiently detailed to enable the courts to review the reasonableness of the hours expended." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001). To substantiate the hours spent and receive an award of attorney's fees, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n v. G & M Roofing and*

*Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). "In reducing unreasonable hours, courts may utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions." *Betancourt v. Indian Hills Plaza LLC*, 659 F. Supp. 3d 817, 824 (E.D. Mich. 2023) (cleaned up).

Here, Mr. Gaus has provided the Court with billing records documenting the time expended in this matter. The records contain itemized entries identifying the date on which the work was performed, the amount billed (in tenths of an hour), and a description of the task performed. Upon review of these records, however, the Court finds that a substantial reduction is warranted for several reasons.

First, a significant portion of the entries describe the task performed as the mere "receipt of" documents associated with the case. In contrast, several other time entries describe Mr. Gaus's *review* of various documents, suggesting that the time entries describing "receipt" pertain to merely receiving the documents. In the Court's judgment, billing for the act of receiving documents, with some entries reflecting nearly half an hour for that task alone, is not reasonable. Second, many entries lack sufficient detail to permit meaningful review of the reasonableness of the time expended. For example, Mr. Gaus billed for telephone calls with Bush but provided no description of the subject matter discussed or whether the communications concerned this litigation. Third, several entries appear unrelated to this action altogether. For instance, Mr. Gaus billed time for finalizing an answer to

a cross-complaint, but nothing before the Court suggests that a cross-complaint was filed while this case was in federal court.

In the Court's judgment, an across-the-board reduction of 60% appropriately accounts for these shortcomings. Applying that reduction results in a recoverable attorney's fee award of $4,176.00.

The Court now turns to Stockman's motion. None of the arguments he raises therein merit relief. First, Stockman argues that the Court erred in concluding that his notice of removal lacked an objectively reasonable basis. This argument merely rehashes an issue the Court has already decided, and thus the Court will not entertain it. Second, Stockman challenges the attorney's fees sought by Bush. Stockman, however, had an opportunity to raise objections to the fee petition his response to Bush's motion, which the Court has considered. He may not use a subsequent motion to advance additional arguments regarding Bush's fee petition. Third, Stockman seeks an order compelling Bush to produce additional documentation in support of his fee petition, including drafts of work product and verification of allegedly vague billing entries. Stockman cites no legal authority supporting this request. Moreover, the Court has already found that the billing records submitted by Bush were sufficient, and reduced the fee award to account for vague billing entries.

Finally, Stockman seeks a stay of enforcement of the fee award pending appeal under Federal Rules of Civil Procedure 62(a) and 62(d). His reliance on those

provisions is misplaced. Rule 62(a) provides for an automatic stay following entry of judgment and does not authorize the relief Stockman seeks here. Rule 62(d) applies to appeals involving injunctive relief, which is not at issue here. Stockman has otherwise failed to establish a basis for a stay.

For these reasons, Bush's petition for attorney's fees and costs [#36] is GRANTED IN PART AND DENIED IN PART, and Stockman's "Motion to Dismiss or Deny Fee Award, or in the Alternative to Compel Production of Supporting Billing Documentation and Stay Enforcement Pending Appeal" [#38] is DENIED. The Court awards Bush attorney's fees in the amount of $4,176.00. Stockman is ordered to pay Bush $4,176.00 within 30 days of the date of this order.

SO ORDERED.

Dated: June 18, 2026                              /s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 18, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

8